UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9680 PSG (Ex) | Date | March 12, 2015 |
|---|---|---|---|
| Title | L.B.F.R., *et al.* v. Eli Lilly and Company, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiffs' motion to remand.

Plaintiffs Lawrence B. Fields Robinson and Joseph Lee Laverne Fields, by and through their Guardian ad Litem, Diane Laws ("Plaintiffs") bring this motion to remand this action to state court.  Dkt. # 15.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court GRANTS the motion to remand.

I.   Background

Plaintiffs filed this case against Defendant Eli Lilly and Company on December 16, 2011 in Los Angeles Superior Court.  *Mtn. to Remand* 3:2-4.  Defendant Eli Lilly removed the action to federal court on January 30, 2012 on diversity jurisdiction grounds.  *See L.B.F.R.*, No. 12-cv-00818-JFW, Dkt. # 1.  The action was then transferred to MDL No. 2226 in the Eastern District of Kentucky.  *Mtn. to Remand* 3:6-10.  Plaintiffs filed a First Amended Complaint on May 1, 2012, adding Defendants Southwood Pharmaceuticals, Inc. and California Pharmacy Management, LLC.  *Id.* 3:11-13.  Diversity was destroyed by the new defendants and the case was remanded to Los Angeles Superior Court.  *Id.* 3:13-17.

On October 23, 2012, a petition was filed to coordinate the proceedings of this action and six other products liability actions involving pain medications containing propoxyphene.  *Id.* 3:18-26.  Defendant Eli Lilly then filed a second Notice of Removal on CAFA jurisdiction grounds.  *Id.* 3:27-4:3.  On December 6, 2012, the District Court remanded the case, ruling that a pending motion for coordination was insufficient for CAFA jurisdiction.  *Id.* 4:4-7.  The District Court issued orders remanding thirty-three other cases to state court  *Id.* 4:7-8.  The defendants in thirty-two out of those thirty-four remanded cases sought permission to appeal under CAFA.

1

Case 2:14-cv-09680-PSG-E   Document 39   Filed 03/12/15   Page 2 of 4   Page ID #:414

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9680 PSG (Ex) | Date | March 12, 2015 |
|---|---|---|---|
| Title | L.B.F.R., *et al.* v. Eli Lilly and Company, *et al.* | | |

*Id*. 4:8-10. Defendant Eli Lilly was one of the two defendants that did not seek appeal. *Id*. 4:12-13.

On November 18, 2014, the Ninth Circuit issued its decision in *Corber v. Xanodyne,* 771 F.3d 1218 (9th Cir. 2014), which held that the motion for coordination satisfied the CAFA requirement that 100 or more cases be proposed to be 'tried jointly' and that removal was proper. *Id*. 4:14-20. Defendant Eli Lilly then filed a third Notice of Removal on December 12, 2014 on CAFA jurisdiction grounds. *Notice of Removal* ¶ 9. Plaintiffs responded by filing this motion to remand. Dkt. # 15.

II.     Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. There are three instances in which a defendant may remove a case. The first two are statutory and require a triggering event. 28 U.S.C. § 1446(b)(1) allows for removal "within 30 days after the receipt by the defendant … of a copy of the initial pleading" if it is ascertainable from the initial pleading that the case is removable. 28 U.S.C. § 1446(b)(1); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). 28 U.S.C. § 1446(b)(3) allows for removal "within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit recently explained that there is a third instance in which removal is proper, holding that a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125. Thus, if a defendant has not been put on notice by a plaintiff that a case may be removable, but finds through its own diligence that removal is possible, a defendant may remove. *Id*.

A plaintiff may seek to remand the case to the state court from which it came if the district court lacks subject matter jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Indeed, the removal statute is strictly construed against removal, and if there is any doubt as to the propriety of removal, the case must be remanded. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Under CAFA the burden of establishing removal jurisdiction remains on the party seeking removal. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). So just as a removing defendant in a non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9680 PSG (Ex) | Date | March 12, 2015 |
|---|---|---|---|
| Title | L.B.F.R., *et al.* v. Eli Lilly and Company, *et al.* | | |

CAFA case bears the burden to show that the district court has jurisdiction over the case, a removing defendant in a CAFA case shares the same burden. *Id.*

III.    Discussion

In their motion to remand, Plaintiffs argue that the December 6, 2012 order remanding this case was and is final because Defendant did not appeal the remand, and thus *Corber* cannot be applied to this case. *Mtn. to Remand* 2:4-8. Defendants Eli Lilly and Southwood Pharmaceuticals, Inc. (collectively, "Defendants") respond that their decision not to appeal the December 6, 2012 remand has not waived the right to removal, arguing that appeal of a remand order under CAFA is discretionary, and that not appealing "does not limit or otherwise preclude a defendant from subsequently attempting to re-remove the action…" *Eli Lilly Opp*. 4:16-24. Neither party included binding authority addressing this issue.

Defendant Eli Lilly points out that a party may bring successive removal attempts based on the same grounds in support of its contention that it did not waive its right to re-remove this action. *Eli Lilly Opp*. 4: 21-5:8. However, even if true, this does not address whether a defendant is required to appeal an initial remand order before bringing a successive removal attempt. Next, Defendant Eli Lilly points out that whether the case was 'removable' "turns on what the Court actually did, not on what it arguably should have done." *Id*. 5:18-20. Thus, Defendant Eli Lilly argues that it was proper to wait for more definite grounds upon which to remove before bringing another removal attempt. *Id*. 5:24-6:2. The Court is not convinced by this argument. Though it would have plainly been improper for Defendants to file another notice of removal on the same grounds without any new information, nothing indicates that it would have been improper to appeal the remand. Indeed, while remands are generally not reviewable, appeals are specially afforded to CAFA removals for parties to use to their advantage. *See* 28 U.S.C. § 1453(c)(1).

The court agrees with Plaintiffs' assertion that Defendants have waived their right to removal by failing to appeal this Court's December 6, 2012 remand order. As mentioned above, neither party submitted authority in this Circuit addressing this issue, but the Court agrees with reasoning in a 2006 Seventh Circuit order. In a case with a similar procedural posture, in which some defendants appealed from a first remand and some did not, the Seventh Circuit ruled that those who did not appeal "left in force the district court's decision against the non-appealing defendants." *In re Mut. Fund Market-Timing Litig.*, 468 F.3d 439, 443 (7th Cir. 2006). "When [the non-appealing defendants] removed again [], the district court should have remanded … for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9680 PSG (Ex) | Date | March 12, 2015 |
|---|---|---|---|
| Title | L.B.F.R., *et al.* v. Eli Lilly and Company, *et al.* | | |

[those defendants] are bound by the district court's adverse decision, notwithstanding the fact that both this court [] and the Supreme Court [] have held that the district judge's 2004 decision was mistaken." *Id.* "Litigants who do not appeal from an adverse decision are stuck with it, even if some other party to the same case appeals and wins." *Id.* This Court agrees with the reasoning of the Seventh Circuit and holds that the December 6, 2012 remand order remains in force, precluding Defendants from taking advantage of the appeals of defendants in other cases to remove this action now.

IV.   Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand. This case is hereby REMANDED to Los Angeles County Superior Court.

**IT IS SO ORDERED.**